J-S15038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARTHUR LAMONT HENDERSON | : | |
| | : | |
| Appellant | : | No. 973 WDA 2020 |

Appeal from the Order Entered June 23, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001873-2012,
CP-02-CR-0001874-2012

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED: JULY 1, 2021**

Arthur Lamont Henderson, *pro se*, appeals two orders entered on June 23, 2020, by the Allegheny County Court of Common Pleas, which denied his motion to compel various case-related documents from that county's department of court records. We affirm.

Briefly, a jury found Henderson guilty of rape, robbery, and other related offenses. Henderson was correspondingly sentenced to between sixty-one and one hundred twenty-two years of incarceration. Following sentencing, Henderson filed timely post-sentence motions, which were denied. This Court affirmed his judgment of sentence, and our Supreme Court denied any further review. **See Commonwealth v. Henderson**, 116 A.3d 699, 1155 WDA 2013

---

[*] Retired Senior Judge assigned to the Superior Court.

(Pa. Super., filed December 23, 2014), *appeal denied*, 125 A.3d 1199 (Pa. 2015).

After exhausting his direct appeals, Henderson timely filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"). **See** Pa.C.S.A. §§ 9541-9546. Succeeding the appointment and subsequently permitted withdrawal of counsel, the PCRA court found no merit to his petition and dismissed it without a hearing. Ultimately, our Court affirmed the dismissal of his petition, finding no validity to any of the eleven issues he raised on appeal. **See Commonwealth v. Henderson**, 137 WDA 2017 (Pa. Super., filed February 5, 2018).

Two years following the dismissal of his first PCRA petition, Henderson filed a motion to compel, which was directed at the Allegheny County Department of Court Records and requested certain documents related to his own case. Henderson filed this motion after first pursuing a "right to know" request against that department and then, after receiving no response, appealing his request to Pennsylvania's Office of Open Records. The Office of Open Records denied Henderson's appeal, indicating that, given the nature of the sought documents, it did not have jurisdiction. The court, in denying his motion to compel, indicated that "[t]he filings requested by the defendant are either public record or do not exist." Order of Court, 6/23/2020 (denying the motion in two separate orders covering both docket numbers). Henderson appealed this two-order decision, and the relevant parties have complied with their respective obligations under Pa.R.A.P. 1925.

On appeal, Henderson contends the court abused its discretion and/or violated his due process rights when it denied him the materials he sought under his motion to compel. *See* Appellant's Brief, at 3.

Preliminarily, we note that Henderson's case includes two docket numbers and two corresponding orders denying his motion to compel. However, Henderson filed a singular notice of appeal, listing both docket numbers. This erroneous action violates the main thrust of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and would normally compel quashal. Although ***Walker*** dealt with a singular appeal from an order encompassing distinct docket numbers, our Supreme Court reinforced the notion that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." 185 A.3d at 976 (identifying and endorsing the "bright-line mandatory instruction to practitioners" contained within Pa.R.A.P. 341's Official Comment).

While Henderson's appeal violates ***Walker***, our Court in ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019), identified an exception. If the actions of the PCRA court "amount to a breakdown in court operations … we may overlook the defective nature of [a]ppellant's timely notice of appeal rather than quash[.]" 219 A.3d at 160 (specifically addressing the situation where a PCRA court's order describes an appellant's right to file a "notice of appeal" instead of the plural "notices" when the case involves more than one docket number). In other words, if there is

misinformation presented to a defendant or if the court misleads a defendant as to his or her appellate rights, this Court may overlook the rigid dictates of **Walker**. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*).

To consider whether there has been a breakdown in court operations, we must first categorize Henderson's motion to compel. Because "the PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition," **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted), we are constrained to treat his motion to compel as a PCRA petition.

Understandably, given the distinct nature of his request, neither the PCRA court nor the Commonwealth treated Henderson's motion as a PCRA petition. The record reflects that there has been no adherence to Pa.R.Crim.P. 907, which outlines procedure for dismissing a PCRA petition without a hearing. In fact, as best can be discerned, the two orders denying his motion to compel provide no indication of Henderson's right to appeal or time limits to do so. While **Stansbury** addresses the situation where the court has affirmatively misstated the incorrect way to perfect an appeal, it would follow that by not providing Henderson with any indication of his appellate rights in violation of Pa.R.Crim.P. 907, it would constitute a breakdown in the court's operations. Therefore, we decline to quash Henderson's appeal on that basis, but our procedural and jurisdictional inquiry does not end there.

In treating Henderson's motion to compel as a PCRA petition, we utilize an abuse of discretion standard to review a PCRA court's denial of discovery. *See Commonwealth v. Reid*, 99 A.3d 470, 486 (Pa. 2014). Before reviewing the merits of his claim, however, we must ascertain whether his request for relief is timely.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16–17 (Pa. 2012) (citations and footnote omitted).

Henderson's judgment of sentence became final approximately five years ago, after our Supreme Court denied his petition to review his direct appeal, and Henderson sought no further review from the United States Supreme Court. Henderson filed his motion to compel in 2020–well beyond the PCRA's one-year deadline to file a timely petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Accordingly, Henderson's petition–his second–is facially untimely, and without him pleading and proving a timeliness exception, we are without jurisdiction to consider its merits. *See id*.

To overcome the PCRA's time-bar, a petitioner must allege and prove that: 1) governmental interference prevented the petitioner from failing to raise a claim; 2) the petitioner discovered previously unknown facts that would have supported a claim, but could not be uncovered at the time even through due diligence; or 3) there has been a newly-recognized constitutional right. **See id**. Through the most generous reading of his motion to compel along with his other filings, Henderson simply does not plead nor prove any of the PCRA's three exceptions.

Henderson's motion indicates his familiarity with the PCRA. In fact, Paragraph 11 of his motion identifies that "the records/documents requested were related to future filings pertaining to § 9545(b)(1)(ii) requirements." Motion to Compel, 5/7/20, ¶11. However, Henderson does not establish why or for what purpose he is seeking those documents.

As Henderson has failed to plead and prove an exception to the PCRA's time-bar, we are without jurisdiction to consider the merits of his appeal and must therefore affirm the court's orders denying his motion to compel.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2021

- 6 -